Last case today is 0273921 Mousavi v. Ashcroft. Each side has ten minutes. Good morning. Good morning, Your Honors. May it please the Court, my name is Howard Davis. I'm representing the petitioner, Saeed Mousavi. This case has really been decided solely with the credibility issue. And one of the things for me that is striking is just the basic consistency as to what happened, that Mr. Mousavi was stopped. Christian religious materials were found in his car. He was beaten, certainly at least with rifles. And he was accused of being a convert or of trying to convert others. The authorities were searching for him, making similar accusations. He went into hiding. And this is this pretty much is what is consistent about the basic narrative. As far as what as far as the problems that the judge had, I see are basically had to do with conjecture that was not proper. Alleged inconsistencies or, at worst, minor inconsistencies and including something that was, I think, irrelevant. At the same time, I think one of the most disturbing aspects of this is that the judge made this case into whether or not this person had converted from Islam to Christianity. When he makes it very clear in the I-589 and as well as testimony that this is a case about an imputed apostasy from Islam to Christianity. Whether or not he actually converted is really not at issue here. And why do you say that? I thought the whole thrust of your argument was that if he had converted from Muslim religion to Christianity and he went back to Iran, he would be killed by the police there. But that has to do with the way that the police there perceive him. The testimony and the case took two parts. One is, is that they perceive him to be a Christian. They saw the materials in his car. And then at the same time, he was showing he was also showing to the court that there was also something to the imputation of that religious view, that he was a that he was interested and seriously interested in Christianity, which is also something that the priest testified to. But even if the judge doesn't buy that at heart, at the very least, it's a it's a case based on a religious view imputed to him, which, of course, is also related to a political view that, you know, there's a particular political order there. And part of that is, is that Muslims should not be converting to Christianity. This is the IJ didn't believe the story about the Christian materials in his car. But the thing is, is that because of other inconsistencies, which the man was guilty of in his testimony, there was. Why don't you address the issue whether it was substantial evidence to sustain any of the findings of the IJ as to her finding that this man was not entitled to credibility? OK. First of all, I mean, for instance, he said he was going to become a Christian. He hadn't been baptized. The priest had testified on his behalf that there's hadn't been a baptism, although there have been months of study. It does could be one to conclude that he wasn't very sincere about becoming a Christian. But the thing is, is that whether or not. Well, first of all, you know, one cannot impose a person. I mean, religious conversion, I mean, is a serious is a serious issue. And the and the priest thought that he was, you know, a serious seeker. But was he was not yet ready to convert. But the thing is, is that the view of the evidence was that's not necessarily the only view of the evidence. Well, but I would say that John the Baptist is very long to baptize Jesus. But not not everybody went in Jesus's direction. What is the what's the standard for when we uphold a credibility determination versus. When we reverse and grant relief, in other words, do you have to show that the evidence compels the conclusion that he was credible or is it some different standard? Well, the court has just tell me what the standard is. First court has consistently applied a substantial evidence standard in this context. Doesn't our precedent indicate that that standard means that we would have to say that the evidence compels the conclusion that he was credible? Is that right? Well, what the answer would be, but am I right? That's the compel that no compelled the conclusion that he's not credible because it has to do with what the record supports as to the judge's decision. We would have to say if the judge said he wasn't credible, if we want to reverse that, wouldn't we have to say that the evidence compels the conclusion that he was credible? In other words, the evidence compels the opposite conclusion than what the judge who saw him said. Is that the standard? I'm not saying how you have to argue it. Right. But is that what the legal standard. But OK, but the way that I read it is, is that it has to do with how is it that the record supports a judge's finding? So if a judge finds that so if the judge finds for an adverse credibility, then the record has to come has to compel that finding. I think you've got it the opposite in terms of what our law is. So maybe. Well, I guess I'm not going to give you a lecture on our law. But if that's your if that's your argument, that we should give relief unless the record compels the conclusion that he was not credible. Is that your position? Correct. OK. But you've got the law backwards. So. OK. But OK. The others can do what they want. But but just for this judge, you're going to lose if that's your. OK. But but let's say let's address the concerns of of what you were saying now. But I'm just going to follow what I think the law is. So if you want to address what your argument is, assuming the law is what I just. OK. And that's what I was about to do. Now that's what I was. OK. Besides as far as the the. First of all, there are a number of issues having to do with conjecture. I mean, first of all, one of the problems that the judge had was is that that somehow these these guards who had stopped him. Just on basis of merely seeing a Christian Bible would somehow not think that he was involved in or had an interest or an involvement in activities outside of Islam. But but the judge doesn't really state why that would be the case. I mean, that that I would say is an improper conjecture in this case. I mean, if the person is carrying something that is known to be not Muslim, why wouldn't their suspicions be piqued? I mean, let's concede that in your favor. And but there was a finding that he said he was fearful of of prosecute persecution in Iran. And she found that he went to Turkey, lived in Turkey for a while and came back to Iran. Now, wouldn't couldn't a reasonable person in this situation find from that evidence that perhaps he wasn't telling quite the truth about his fear of persecution. But but he also explained that he when he left and then came back, he was not. He did not really understand the extent to which he was in trouble. And then when he came back, he found out that the authorities had been looking for him. So the proof is in which she might accept or might not accept based on his overall demeanor. Also, the issue that as to his studying of Christianity, the record shows that perhaps he was not the most sincere convert in the world because he started doing this when removal proceedings were started. But but actually, that's not a totally correct characterization of the record on the judge's part, because he testified that he had gone to some places while services or religious gatherings while he was in Iran. And also not long after he came to the United States and could believe, but it appeared that she accepted that. I couldn't say I have 20 seconds left. At least reserve a little bit of time here from the government. Please. Members of the court. Paul, you know, for the attorney general in your argument, please address what is the substantial evidence standard as applied to credibility determination. I was going to start my correct that that for us to grant relief on that ground. We would have to say the evidence compels the conclusion by the IJ that he was credible. We would we would endorse that view. Judge Gould, the substantial evidence standard basically says, contrary to the petitioner's position, that you start with a presumption that you affirm and and look for substantial evidence to support that. And only if the record, if the evidence record is so compelling to the opposite, may you reverse. And so the position, the issue really is the IJ made an adverse credibility finding. So the task of the court is to look in the record to see if substantial evidence supports that. And we would submit that it does. The the crux of the substantial evidence that supports the IJ's credibility findings adverse to the petitioner. Correct. What what what is that substantial evidence? Well, there's there's lots of it, Your Honor. She basically her her basic theory of the case was that his claim to being a Christian was a fabrication. Conclusion that was a bogus Christian. Correct. What's the evidence from which you concluded that he was a bogus Christian? The nature of his entire claim morphed significantly over time. You look at his I-589. His I-589 starts out, and I don't have it with me, but you look at that entire first page. He's talking about general conditions of repression in Iran. He's talking about Khomeini government, how women are not treated well. And only on the second or third page does he even mention that his family is a moderate Muslim and that as moderate Muslims, his family is subject to surveillance and ostracism from the more fundamentalist Muslims in Iran. And then he does mention that he was stopped on the border by some guards who thought he may have been drinking. And but he the crux of his fear is that he's a moderate Muslim. He says he's not a Christian in that statement. Yes. He says he's not a Christian. They had Christian materials in his car. Doesn't say anything about attending prayer meetings. Doesn't say anything about showing an interest in Christianity. Then he gets then he gets to the hearing and it's completely different. Now, his sole fear is that he is that he is a Christian, either perceived or actual. And you're basing yourself on contradictions. He's speaking on both sides of his mouth. Exactly. And it's in the records. That's what we talk about when the record supports. It's in the record. You can just look at it. You read his 589. You read his testimony and you get two completely different claims. And that's why we say that the substantial evidence in the record supports the IJ's finding. I Christianity is the heart of his claim. And whether or not he's actually Christian doesn't matter for the purpose of his persecution. But when the IJ was talking about the authenticity of his Christianity, she was talking about she was assessing his credibility, which is different. In other words, you can't you can't find fault with the IJ's decision, because it is true that whether he's actually Christian or imputed Christian, that would be persecution on account of that's not the basis. Say that as far as any fear that he expressed based on what he had done. Well, here, like going to the church for study, that the government wouldn't even know about that unless he told them about that. That's that's that's what she said. She didn't see that as a valid ground for fear. What he had done at the Iranian Christian church here. She did not know. She said basically that he can go back to Iran and he doesn't have to base. He doesn't have to advertise the fact that he's Christian. And she didn't see some of what he said happened at this car stop, you know, border stop where they purportedly found the Christian literature to be entirely credible because he hadn't told his parents the same story. What they found, I think. Yeah. Yes, your honor. I think that basically what the IJ had been speeding or he was rude to the officers and gave that as some explanation. Yes. She basically says in her opinion that we don't really know what happened there because his accounts of what happened there are so divergent. And so she basically made really no factual finding at all. And so, again, this is for my part. I don't really need to hear further points in argument as to what the application of the standard. So you can address your point to the other judges. I have no additional questions to you, Judge. No, I don't. I have no further points to make. Mr. Davis will give you one minute. Just for the record, with regard to the standard, I have to be in just thinking it over again. I agree with the standard here. I misstated with regard to what needs to be compelled. My. Again, the I-589. Yes, there is. There's a lot of there's a lot of background information in the I-589. But if you turn to page 586 of the record and 587 and 588, it very much lays out the, you know, what had happened. And it was not just focusing on that. I'm a Christian convert. He could have said that in there, but he didn't. He focused on that, that they that the authorities had perceived him to be as someone who was carrying apostasy. I mean, it doesn't take much to do that in light of the country background reports. And they're really two separate issues. And even if the judge did not find him to be a sincere convert because he wasn't, there was still this other aspect to this case. And I would say that the record compels the finding that he was credible. Thank you. Thank you. Thank you. The case just argued is submitted. That'll conclude our session. Our thanks to our deputy chief clerk for her help this week. Thank you.
judges: Silverman, Gould, Bea